IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 28 2006

LUTHER D. THOMAS, Clerk
By: [signature]

PERSPOLIS, INC., d/b/a WORLD
WIDE AUTO PARTS,

        Plaintiff,

v.

FEDERATED MUTUAL INSURANCE
COMPANY,

        Defendant.

CIVIL ACTION NO.

1:03-CV-2456-JEC

## O R D E R

This case is presently before the Court on plaintiff's Motion for Reconsideration [35]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Reconsideration [35] should be **DENIED**.

### BACKGROUND

This is a breach of contract case in which plaintiff claimed to have been wrongfully denied insurance coverage for a claim.[1] Plaintiff made a claim under its policy with defendant and submitted a sworn proof of loss in which it claimed many items had been stolen

---

[1] For a detailed accounting of the facts in this case, see this Court's Order of March 7, 2005 [33], in which it granted defendant's motion for summary judgment.

AO 72A
(Rev.8/82)

in a burglary, with a total value of $190,123.33. After investigating the claim, defendant denied coverage based on a "concealment, misrepresentation, or fraud" provision in the insurance contract. Plaintiff then filed suit. The parties completed discovery and defendant filed its motion for summary judgment.

This Court granted defendant's motion for summary judgment, assuming for the sake of argument, that a fact dispute existed as to whether plaintiff was in fact burglarized, but concluding that defendant properly invoked the "concealment, misrepresentation or fraud" provision, meaning there had been no breach. (Order [33] at 18, 21.) In so concluding, the Court relied on the fact that no one, including plaintiff's own expert, had been able to come close to duplicating the amount plaintiff swore under oath, on its proof of loss statement, to have lost. (*Id.* at 19-20.) Indeed, plaintiff's own expert failed to account for almost $50,000 of the loss amount claimed by plaintiff.

Plaintiff has now filed a motion for reconsideration, arguing that the Court erred in granting defendant's motion. (Pl.'s Recons. Mem. [35] at 1.)

## DISCUSSION

Under the Local Rules of this Court, a party may file a motion for reconsideration within ten (10) days after entry of the order or judgment. LR 7.2E, NDGa. Motions for reconsideration should not be

filed as a matter of practice, but only when absolutely necessary. *Id.* "Reconsideration is only 'absolutely necessary' where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp.2d 1256, 1258-59 (N.D. Ga. 2003) (Martin, J.) (internal citations omitted).

Plaintiff appears to be proceeding under the third category, arguing that there is a need to correct a clear error of law or fact. (*See generally* Pl.'s Recons. Mem. [35].) It makes no argument that could implicate the other two categories. It argues that the Court erred in concluding that there was no disputed fact as to whether plaintiff made an intentional misstatement on its proof of loss form. (*Id.* at 3.) Rather, plaintiff contends that it simply made an error on the form. (*Id.*)

A motion for reconsideration is not a vehicle to present the court with arguments already considered by the court and rejected, in an effort to request that the court simply "change its mind." *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991); *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Plaintiff here makes no argument that the

AO 72A
(Rev.8/82)

Court has not already had the opportunity to consider. In its Order granting defendant's motion for summary judgment, the Court noted plaintiff's admission that it had inadvertently failed to remove some of the inventory not stolen from the list of inventory submitted on the proof of loss as having been stolen. (Order [33] at 8.) Also in the record at the time the Court ruled was the affidavit on which plaintiff relies for its current motion. While it is true that plaintiff chose to focus more on the flaws it saw with the methodology of defendant's expert than on plaintiff's claimed innocent error, that strategic decision does not alter the fact that the Court has already been presented with this argument and this evidence.

Plaintiff argues that it intended to include only those items that were in fact stolen and blames the inclusion of all its alleged inventory on its computer system. This argument is of no avail, as plaintiff is not relying on the sworn proof of loss. Plaintiff prepared a list of inventory in response to a request by Mr. Kroll of an "inventory summary." (Hamedani Aff. at ¶ 3; Pl.'s Recons. Mem. [35] at 2.) One month after Mr. Kroll made that request, Mr. Gilbert sent Mr. Hamedani a proof of loss form, requesting that it be completed and returned; the proof of loss form was thereafter completed, signed by Mr. Hamedani, and returned. (Hamedani Aff. at ¶ 2.) In essence, then, the evidence which plaintiff bases its

4

motion for reconsideration deals with the preparation of the inventory summary for Mr. Kroll, <u>not</u> the proof of loss prepared more than one month later for Mr. Gilbert. It was on this proof of loss that plaintiff claimed to have lost $190,123.33. It was this proof of loss that defendant used to evaluate plaintiff's claim. Further, as noted in the Court's order granting defendant's motion for summary judgment, no one, not even plaintiff's own expert, was able to verify the amount claimed to have been stolen. Plaintiff's expert was approximately $50,000 off of the amount plaintiff claimed.

The policy contained a provision allowing defendant to void the entire policy if plaintiff, as the insured, purposely misrepresented a material fact concerning the policy, the covered property, its interest in the covered property, or a claim under the policy. (Policy, Businessowners Common Policy Conditions, attach. as Ex. 1 to Def.'s Mot. for Summ. J. [16], at 2.) The amount lost in a burglary is a material fact, as that is the amount the insurance company-defendant is obligated to pay unless there is some reason to void the policy. *Woods v. Indep. Fire Ins. Co.*, 749 F.2d 1493, 1496 (11th Cir. 1985). As plaintiff intentionally misrepresented a material fact--the amount lost--in its claim, defendant properly invoked the "concealment, misrepresentation or fraud" provision. Defendant, therefore, did not breach the insurance contract.

As plaintiff has failed to show the Court any need to correct

AO 72A
(Rev.8/82)

any "clear error of law or fact," the Court **DENIES** its motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion for Reconsideration [35].

SO ORDERED, this 28 day of March, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)